IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JANE & JOHN DOE,** individually, and as parents and next friends of A. DOE, a minor, | § § § § § § § § § § | |
| **Plaintiffs,** | | **CIVIL ACTION NO: 4:25-CV-04482** |
| v. | | |
| **BAYLOR COLLEGE OF MEDICINE.** | | |
| **Defendant.** | | |

### PLAINTIFFS' UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYMS AND TO SEAL IDENTIFYING INFORMATION

Plaintiffs respectfully move for leave to proceed under pseudonyms and for a narrowly tailored sealing order to protect Plaintiffs' identifying information. In support, Plaintiffs show:

#### A.    INTRODUCTION

Plaintiff A. Doe is a minor diagnosed with gender dysphoria who has received gender-affirming medical treatment. Plaintiffs Jane & John Doe are their parents. The case focuses on the unlawful and injurious disclosure of A. Doe's protected private health information. Protecting A. Doe's privacy is central to the Plaintiffs' legal claims. The complaint alleges that Defendant Baylor College of Medicine's actions and omissions put A. Doe's medical privacy at risk. This case involves highly sensitive and personal issues that, if publicly associated with the Plaintiffs' identities, could lead to harassment and serious harm, severely undermining the vital privacy rights they are seeking to protect.

Plaintiffs respectfully seek to proceed under the pseudonyms "Jane Doe," "John Doe," and "A. Doe," and request a narrowly tailored order sealing any pleadings or exhibits revealing

their true names or personal information. Plaintiffs propose to disclose their identity to the Court and Defendant's counsel under appropriate protective conditions.

### B. LEGAL STANDARD

The Fifth Circuit recognizes that district courts have discretion to permit parties to proceed pseudonymously when the need for anonymity outweighs the presumption of open judicial proceedings and any prejudice to the opposing party. *See Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981).

Federal Rule of Civil Procedure 10(a) mandates that complaints "name all the parties," but courts possess discretion to allow pseudonymous litigation if privacy interests and risk of harm outweigh the customary presumption of openness. *See Stegall*, 653 F.2d at 185–86 (permitting pseudonyms and articulating balancing framework).

Both the Rules of Civil Procedure and precedent emphasize that a minor child's identity is of particular weight in balancing privacy and openness interests. Federal Rule of Civil Procedure 5.2(a) mandates redacting or referencing the minor's name through initials. In a recent case applying the *Stegall* balancing factors, the Fifth Circuit recognized that "at minimum" the names of minor children should be redacted to comply with Rule 5.2(a), and that it is also "clear that the balance of interests favors redacting material such as the names of any additional family members, along with addresses and any other contact information for Plaintiff and her family." *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024).

The Fifth Circuit considers whether a party can sue anonymously by balancing their privacy against the presumption of openness of judicial proceedings. Factors include: if the case involves sensitive or personal matters; if identification risks retaliation; the age of those

involved; whether the defendant would be prejudiced by anonymity; and the public interest weighted against privacy and safety interests. *Stegall*, 653 F2d at 185-86. Courts applying this balancing test have consistently permitted plaintiffs to use pseudonyms when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature." *Doe v. CoreCivic, Inc*, No. 4:20-CV-01828, 2020 WL 3640058, at *1 (S.D. Tex. July 6, 2020).).

C.     ARGUMENT

**I. The *Stegall* factors strongly support pseudonymous proceeding.**

**Highly sensitive and personal matters**. This case involves a minor's transgender status, gender dysphoria treatment, and private health information. A. Doe's identity is protected by Federal Rule of Civil Procedure 5.2(a), and Congress and state legislatures have recognized the importance of safeguarding private health information through HIPAA and a variety of related laws. A. Doe's transgender status is "highly sensitive and of a personal nature." *See Stegall*, 653 F.2d at 185 (religious beliefs and intimate matters of child plaintiffs warrant consideration).

**Vulnerability and personal circumstances**. Plaintiff A. Doe is a minor, and their transgender status and diagnosed medical condition, gender dysphoria, which makes them vulnerable to harm if that information were linked to their identity. *See Poe v. Drummond*, No. 23-CV-177-JFH-SH, 2023 WL 4560820 (N.D. Okla. July 17, 2023) (specific risks to transgender child plaintiffs justify pseudonyms). The *Poe* court held that because of the small pool of transgender youth receiving gender affirming care, even use of plaintiffs' initials could create a risk of identification, and that these "exceptional circumstances" justified use of pseudonyms. *Id.* Here, the pool of patients receiving treatment at TCH specifically is even smaller, such that use of initials would not adequately protect Plaintiffs' highly sensitive and personal information.

Even with adult plaintiffs, "courts have recognized the highly personal and sensitive nature of a person's transgender status and thus have permitted transgender litigants to proceed under pseudonym." *See, e.g., Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) (collecting cases including a pre-*Stegall* case from this District: *Doe v. McConn*, 489 F. Supp. 76 (S.D. Tex. 1980)). Pseudonymity is also the rule for similar plaintiffs in Texas state court. *See In re Abbott*, 645 S.W.3d 276 (Tex. 2022) (allowing plaintiffs, a transgender minor and her parents, to proceed pseudonymously at all times throughout litigation to protect the family's privacy), *Abbott v. Doe*, No. 03-22-00126-CV, 2022 WL 837956, at *1 (Tex. App.—Austin Mar. 21, 2022) (mandamus conditionally granted sub nom.).[1] Furthermore, as courts have recognized, the disclosure of a person's transgender status potentially "exposes them to prejudice, discrimination, distress, harassment, and violence." *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 332 (D.P.R. 2018); see also *Foster*, 2019 WL 329548, at *2; *Poe v. Drummond*, 2023 WL 4560820.

**Minimal prejudice to Defendant**. Plaintiffs have conferred with Defendant on this motion, and Defendant does not oppose it. Proceeding pseudonymously will not impair Defendant's ability to mount a defense. Defendant already knows Plaintiffs' true identities and has contractually agreed to keep those identities confidential. Plaintiff proposes to disclose their true identities to the Court either *in camera* or under seal pursuant to a protective order.

**Public interest and narrow tailoring**. The public's interest in the substantive issues can be fully served without disclosing Plaintiffs' names. The requested order is narrowly tailored—sealing only documents that reveal personally identifying information of A. Doe and the Doe

---

[1] The equity of allowing Plaintiffs proceed pseudonymously is underscored by the fact that Texas Rules and recent Texas Supreme Court precedent clearly would allow them to remain pseudonymous in the Texas state court venue which is where they initially brought their claims before the case was removed to Federal court by the Defendant.

4

family (whose confidentiality is essential to and inseparable from maintaining A. Doe's confidentiality) while keeping all merits filings public. *See Stegall,* 653 F.2d at 186 (recognizing flexibility to protect privacy interests consistent with public access); *see also Sealed Appellant v. Sealed Appellee*, 2024 WL 980494 at *3.

### II. The requested sealing is limited and consistent with local rules and the common law right of access.

There is a strong presumption of public access to judicial records, but courts may seal records when specific, compelling reasons outweigh that presumption and when the sealing is narrowly tailored. *See, e.g., SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993) (recognizing common law right of access and trial court's discretion to seal with proper findings). Plaintiffs seek to seal only: (1) any unredacted pleadings or exhibits that contain Plaintiffs' true names, address, or other uniquely identifying information; and (2) any filings that would necessarily reveal Plaintiffs' identities.

Plaintiffs anticipate cooperation with Defendant to confer on and agree to a comprehensive protective order governing the use and disclosure of Plaintiffs' identities and other confidential information and other procedures to protect confidentiality during discovery, hearings, and if necessary, trial. Plaintiffs are also prepared to disclose their identities either *in camera* or under seal to the Court, and to take any other reasonable measures to ensure that Defendant can defend the case without impediment, that the Court can manage the case effectively, and that the public record remains as open as possible consistent with Plaintiffs' safety and privacy.

## D.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1) Granting Plaintiffs leave to proceed under the pseudonyms "Jane Doe, "John Doe," and "A. Doe" in all public filings and on the docket;

2) That all public filings shall refrain from using Plaintiffs' real names or the names, addresses, contact information, or other personally identifiable information of Plaintiffs or any of their family members; and

3) Such other and further relief as the Court deems just and proper.

Dated: November 4, 2025

Respectfully submitted,

**Holt Major Lackey, PLLC**

By: _/s/ Holt Major Lackey_
    Holt Major Lackey
    Texas Bar No. 24047763
    Email: holt@holtmajorlackey.com
111 W. Anderson Ln., Ste. D-211
Austin, Texas 78752
Telephone: 512-949-9598

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 4, 2025, I corresponded by email with Danielle Herring, counsel for Defendant Baylor College of Medicine, and confirmed that the relief sought in the foregoing Motion is UNOPPOSED.

                                               */s/ Holt Major Lackey*
                                               Holt Major Lackey

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, the foregoing document was served on all counsel of record for Defendant Baylor College of Medicine by email and via the Court's electronic filing system.

                                               */s/ Holt Major Lackey*
                                               Holt Major Lackey